**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DEVIN UPCHURCH )
)
   Plaintiff, )
)
 v. )
)
P.O. K. KWIATKOWSKI Star No. 201, )
SGT P. RICHIE Star No. 47, )
P.O. C. ERICKSON Star No. 199, )
P.O. ZIEMINSKI Star No. 190, individually, )
and CALUMET CITY )
)
   Defendants. )

FILED: APRIL 17, 2008
 08CV 2246  NF
JUDGE GUZMAN
Case No.:
 MAGISTRATE JUDGE VALDEZ

COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS and STATE
 SUPPLEMENTAL CLAIMS

**JURY DEMANDED**

## COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3. At all times herein mentioned, Plaintiff DEVIN UPCHURCH ("Plaintiff") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

4. At all times herein mentioned, Defendant Calumet City Police Officer K. KWIATOWSKI Star No. 201 ("Kwiatowski") was employed by the Calumet City Police Department and was acting under color of state law and as the employee, agent, or representative of the Calumet City Police Department. This Defendant is being sued in his individual/personal

capacity.

5.    At all times herein mentioned, Defendant Calumet City Sergeant P. RICHIE Star No. 47 ("Richie") was employed by the Calumet City Police Department and was acting under color of state law and as the employee, agent, or representative of the Calumet City Police Department. This Defendant is being sued in his individual/personal capacity.

6.    At all times herein mentioned, Defendant Calumet City Police Officer C. ERICKSON Star No. 199 ("Erickson") was employed by the Calumet City Police Department and was acting under color of state law and as the employee, agent, or representative of the Calumet City Police Department. This Defendant is being sued in his individual/personal capacity.

7.    At all times herein mentioned, Defendant Calumet City Police Officer ZIEMINSKI Star No. 190 ("Zieminski") was employed by the Calumet City Police Department and was acting under color of state law and as the employee, agent, or representative of the Calumet City Police Department. This Defendant is being sued in his individual/personal capacity.

8.    At all times herein mentioned, CALUMET CITY was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.  At all relevant times, the Calumet City maintained, managed, and/or operated the Calumet City Police Department.

## FACTUAL ALLEGATIONS

9.    On or about April 20, 2006, at approximately 1:00 P.M., Plaintiff was at 539 Wentworth, Calumet City, IL 60409.

10.    At that place and date, Defendants, arrived at Plaintiff's location.

11.    Defendants then forced Plaintiff to the ground and proceeded to handcuff, detain,

search, and strip search Plaintiff.

12.     Plaintiff was subjected to the excessive use of force when he was tackled and choked by Defendants.

13.     There was no probable or other legal cause to stop, detain, search, strip search or arrest Plaintiff.

14.     Plaintiffs in no way consented to this treatment.

15.     Defendants then caused Plaintiff to be charged and prosecuted for the crimes of the possession of and the intent to deliver a controlled substance.  There was no legal cause to believe that Plaintiff should be charged with any crime.

16.     The criminal charges against the Plaintiff were dismissed on or about April 10, 2008. The charges were terminated in Plaintiff's favor.

17.     By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to their damage in an amount to be ascertained.

18.     The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

19.     By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's

fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision
set by law.

## COUNT I

### Plaintiff Against Individual Defendants for Excessive Force

20.     Plaintiff  hereby incorporates and re-alleges paragraphs one (1) through nineteen
(19) hereat as though fully set forth at this place.

21.     By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and
immunities secured to him by the Fourth Amendment to the Constitution of the United States
and laws enacted thereunder.

22.     The violence inflicted upon Plaintiff was unnecessary and unreasonable and was
therefore in violation of Plaintiff's Fourth Amendment Rights. Specifically, all of the force
described above was without legal cause and constituted unnecessary and unreasonable
excessive force. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II

### Plaintiff Against Individual Defendants for False Arrest

23.     Plaintiff hereby incorporates and re-alleges paragraphs one (1) through nineteen
(19) hereat as though fully set forth at this place.

24.     By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges,
and immunities secured to him by the Fourth Amendment to the Constitution of the United
States and laws enacted thereunder.

25.     The detention and arrest of Plaintiff as alleged above was caused by Defendants
and was done without probable cause and was unreasonable. Therefore, Defendants are liable for
this detention and arrest under 42 U.S.C. § 1983.

## COUNT III

**Plaintiff Against Individual Defendants for Unreasonable Search and Strip Search**

26.    Plaintiff hereby incorporates and re-alleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

27.    By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to them by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

28.    Defendants unlawfully searched and strip searched Plaintiff without Plaintiff's consent, unreasonably, and without legal cause. Therefore, Defendants are liable for an unlawful search under 42 U.S.C. § 1983.

## COUNT IV

**Plaintiff Against all Defendants For The Supplemental State Claim
of Malicious Prosecution**

29.    Plaintiff hereby incorporates and re-alleges paragraphs one (1) through nineteen (19) hereat as though fully alleged at this place.

30.    Defendants caused charges of the possession of and of the intent to deliver a controlled substance to be commenced against Plaintiff.

31.    The defendants, employed by Calumet City, maliciously commenced and caused to be continued a proceeding against Plaintiff without probable cause.  As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

32.    The defendants facilitated this malicious prosecution by the creation of a false criminal complaint, false evidence, and/or by giving false police reports.

33. The criminal proceedings against Plaintiff were terminated in his favor.

34.     Calumet City is liable to Plaintiff for the acts of the individual defendants, pursuant to the doctrine of *respondeat superior*.

35.     Therefore, all Defendants are liable under the state supplemental claim of malicious prosecution.

WHEREFORE, Plaintiff, DEVIN UPCHURCH, by and through his attorneys, Ed Fox & Associates, requests judgment as follows against the defendants, and each of them on all claims:

1.     That Defendants be required to pay Plaintiff general damages, including emotional distress, in a sum to be ascertained;

2.     That Defendants be required to pay Plaintiff special damages;

3.     That Defendants be required to pay Plaintiff attorney's fees pursuant to Section1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4.     That the individual defendants be required to pay Plaintiff punitive and exemplary damages in a sum to be ascertained;

5.     That Defendants be required to pay Plaintiff costs of the suit herein incurred; and

6.     That Plaintiff has such other and further relief as this Court may deem just and proper.

Respectfully submitted,

BY:     /s/ Leslie C. McCoy
        Leslie C. McCoy

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Leslie C. McCoy
Leslie C. McCoy

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877