**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DEVIN UPCHURCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 08 CV 2246 |
| | ) | |
| **P.O. K. KWIATKOWSKI Star No. 201,** | ) | **Judge Guzman** |
| **SGT. P. RICHIE Star No. 47, P.O. C.** | ) | |
| **ERICKSON Star No. 199, P.O. ZIEMINSKI** | ) | **Magistrate Judge Valdez** |
| **Star No. 190, individually, and CALUMET** | ) | |
| **CITY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**INDIVIDUAL OFFICERS' ANSWER TO COMPLAINT**

NOW COMES, the Defendants, P.O. KWIATKOWSKI, SGT. P. RICHIE, P.O. C. ERICKSON, AND P.O. ZIEMINSKI, by and through their attorneys, James J. Roche & Associates, and answers the Plaintiff's Complaint, and states as follows:

1. This action arises under the United Stares Constitution and the Civil Rights Act of 1871 [42 U.S.C. section 1983]. This court has jurisdiction under and by virtue ot28 U.S.C. Sections 1343, 1331, and 1367.

**ANSWER:** Defendants do not contest this Court's jurisdiction.


2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:** Defendants do not contest venue in this matter.


**PARTIES**

3. At all times herein mentioned, Plaintiff DEVIN UPCHURCH ("Plaintiff") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

**ANSWER:** Defendants admit that Plaintiff was a resident of Calumet City, Illinois, but is without knowledge or information sufficient to form a belief as to the remaining allegations stated in this Paragraph.

4. At all times herein mentioned. Defendant Calumet City Police Officer K. KWIATKOWSKI Star No. 201 ("Kwiatowski") was employed by the Calumet City Police Department and was acting under color of state law and as the employee, agent, or representative of the Calumet City Police Department. This Defendant is being sued in his individual/personal capacity.

**ANSWER:** Defendants admit that Defendant Officer Kwiatowski was employed by the Calumet City Police Department as a police officer at all times mentioned herein. The remaining allegations contained in this paragraph are legal conclusions to which no answer is required. To the extent that those remaining allegations may require an answer, this defendants are without sufficient knowledge to form a belief as to the truth of these remaining allegations and therefore deny same.

5. At all times herein mentioned, Defendant Calumet City Sergeant P. RICHIE Star No.. 47 ("Richie") was employed by the Calumet City Police Department and was acting under color of state law and as the employee, agent, or representative of the Calumet City Police Department. This Defendant is being sued in his individual/personal capacity.

**ANSWER:** Defendants admit that Defendant Officer Richie was employed by the Calumet City Police Department as a police officer at all times mentioned herein. The remaining

allegations contained in this paragraph are legal conclusions to which no answer is required. To the extent that those remaining allegations may require an answer, this defendants are without sufficient knowledge to form a belief as to the truth of these remaining allegations and therefore deny same.

6. At all times herein mentioned, Defendant Calumet City Police Officer C. ERICKSON Star No. 199 ("Erickson") was employed by the Calumet City Police Department and was acting under color of state law and as the employee, agent, or representative of the Calumet City Police Department. This Defendant is being sued in his individual/personal capacity.

**ANSWER:** Defendants admit that Defendant Officer Erickson was employed by the Calumet City Police Department as a police officer at all times mentioned herein. The remaining allegations contained in this paragraph are legal conclusions to which no answer is required. To the extent that those remaining allegations may require an answer, this defendants are without sufficient knowledge to form a belief as to the truth of these remaining allegations and therefore deny same.

7. At all times herein mentioned, Defendant Calumet City Police Officer ZIEMINSKI Star No. 190 ("Zieminski") was employed by the Calumet City Police Department and was acting under color of state law and as the employee, agent, or representative of the Calumet City Police Department. This Defendant is being sued in his individual/personal capacity.

**ANSWER:** Defendants admit that Defendant Officer Zieminski was employed by the Calumet City Police Department as a police officer at all times mentioned herein. The remaining allegations contained in this paragraph are legal conclusions to which no answer is required. To the extent that those remaining allegations may require an answer, this defendants are

without sufficient knowledge to form a belief as to the truth of these remaining allegations and therefore deny same.

8. At all times herein mentioned, CALUMET CITY was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Calumet City maintained, managed, and/or operated the Calumet City Police Department.

**ANSWER:** Defendants admit that it was a home rule municipality and that it at all relevant times maintained, managed and operated the Calumet City Police Department.

## FACTUAL ALLEGATIONS

9. On or about April 20, 2006. at approximately 1:00 P.M., Plaintiff was at 539 Wentworth, Calumet City, IL 60409.

**ANSWER:** Defendants deny the allegations of this paragraph.

10. At that place and date, Defendants, arrived at Plaintiff's location.

**ANSWER:** Defendants deny the allegations of this paragraph.

11. Defendants then forced Plaintiff to the ground and proceeded to handcuff, detain, search, and strip search Plaintiff.

**ANSWER:** Defendants deny the allegations of this paragraph.

12. Plaintiff was subjected to the excessive use of force when he was tackled and choked by Defendants.

**ANSWER:** Defendants deny the allegations of this paragraph.

13. There was no probable or other legal cause to stop, detain, search, strip search or arrest Plaintiff.

**ANSWER:** Defendants deny the allegations of this paragraph.

14. Plaintiffs in no way consented to this treatment.

**ANSWER:** **Defendants deny the allegations of this paragraph.**

15. Defendants then caused Plaintiff to be charged and prosecuted for the crimes of the possession of and the intent to deliver a controlled substance. There was no legal cause to believe that Plaintiff should be charged with any crime.

**ANSWER:** **Defendants deny the allegations of this paragraph.**

16. The criminal charges against the Plaintiff were dismissed on or about April 10, 2008. The charges were terminated in Plaintiff's favor.

**ANSWER:** **Defendants deny the allegations of this paragraph.**

17. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to their damage in an amount to be ascertained.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

18. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

19. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff

requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

## COUNT I

### Plaintiff Against Individual Defendants for Excessive Force

20.   Plaintiff hereby incorporates and re-alleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

**ANSWER:**   Defendants incorporate their responses above as if fully restated here.

21.   By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

22.   The violence inflicted upon Plaintiff was unnecessary and unreasonable and was therefore in violation of Plaintiffs Fourth Amendment Rights.  Specifically, all of the force described above was without legal cause and constituted unnecessary and unreasonable excessive force.  Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

## COUNT II

### Plaintiff Against Individual Defendants for False Arrest

23.   Plaintiff hereby incorporates and re-alleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

**ANSWER:**   Defendants incorporate their responses above as if fully restated here.

24. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

25. The detention and arrest of Plaintiff as alleged above was caused by Defendants and was done without probable cause and was unreasonable. Therefore, Defendants are liable for this detention and arrest under 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

## COUNT III

**Plaintiff Against Individual Defendants for Unreasonable Search and Strip Search**

26. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

**ANSWER:** Defendants incorporate their responses above as if fully restated here.

27. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to them by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

28. Defendants unlawfully searched and strip searched Plaintiff without Plaintiff's consent, unreasonably, and without legal cause. Therefore, Defendants are liable for an unlawful search under 42 U.S.C. § 1983.

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

## COUNT IV

### Plaintiff Against all Defendants For The Supplemental Suit Claim of Malicious Prosecution

29.   Plaintiff hereby incorporates and re-alleges paragraphs one (1) through nineteen (19) hereat as though fully alleged at this place.

**ANSWER:**   Defendants incorporate their responses above as if fully restated here.

30.   Defendants caused charges of the possession of and of the intent to deliver a controlled substance to be commenced against Plaintiff.

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

31.   The Defendants, employed by Calumet City, maliciously commenced and caused to be continued a proceeding against Plaintiff without probable cause.  As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

32.   The Defendants facilitated this malicious prosecution by the creation of a false criminal complaint, false evidence, and/or by giving false police reports.

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

33.   The criminal proceedings against Plaintiff were terminated in his favor.

**ANSWER:**   Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

34.   Calumet City is liable to Plaintiff for the acts of the individual defendants, pursuant

8

to the doctrine of *respondeat superior*.

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

35.   Therefore, all Defendants are liable under the state supplemental claim of malicious prosecution.

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

## GENERAL DENIAL

This defendant specifically denies any and all allegations contained in the Complaint that were not specifically answered above.

## AFFIRMATIVE DEFENSES

This defendant asserts the following affirmative defenses:

### First Affirmative Defense

The Plaintiff has failed to state a claim upon which relief can be granted against this defendant.

### Second Affirmative Defense

The Plaintiff's claims are barred by the doctrine of qualified immunity.

### Third Affirmative Defense

The Plaintiff's claims are barred against this defendant under the Illinois Local Governmental and Governmental Employees Tort Immunity Act.

### Fourth Affirmative Defense

Officer Kwiatkowski, Officer Richie, Officer Erickson, and Officer Zieminski exercised reasonable and appropriate force to restrain the Plaintiff.

### Fifth Affirmative Defense

Officer Kwiatkowski, Officer Richie, Officer Erickson, and Officer Zieminski had probable cause to arrest and detain the Plaintiff.

**JURY DEMAND**

This defendant demands trial by jury.

WHEREFORE, Defendants P.O. KWIATKOWSKI, SGT. P. RICHIE, P.O. C. ERICKSON, AND P.O. ZIEMINSKI respectfully requests that the Court enter judgment in its favor and against the Plaintiff, and that it award it its litigation expenses, along with any other relief this Court deems appropriate.

Respectfully submitted,

P.O. KWIATKOWSKI, SGT. P. RICHIE, P.O. C. ERICKSON, AND P.O. ZIEMINSKI,

By: *S/ Kelly Maloney Kachmarik*

One of their attorneys

Kelly Maloney Kachmarik
**James J. Roche & Associates**
642 North Dearborn Street
Chicago, Illinois 60610
312-335-0044
ARDC No. 6275425

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DEVIN UPCHURCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 08 CV 2246 |
| | ) | |
| **P.O. K. KWIATKOWSKI Star No. 201,** | ) | Judge Guzman |
| **SGT. P. RICHIE Star No. 47, P.O. C.** | ) | |
| **ERICKSON Star No. 199, P.O. ZIEMINSKI** | ) | Magistrate Judge Valdez |
| **Star No. 190, individually, and CALUMET** | ) | |
| **CITY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**INDIVIDUAL OFFICERS' ANSWER TO COMPLAINT**

NOW COMES, the Defendants, P.O. KWIATKOWSKI, SGT. P. RICHIE, P.O. C. ERICKSON, AND P.O. ZIEMINSKI, by and through their attorneys, James J. Roche & Associates, and answers the Plaintiff's Complaint, and states as follows:

1. This action arises under the United Stares Constitution and the Civil Rights Act of 1871 [42 U.S.C. section 1983]. This court has jurisdiction under and by virtue ot 28 U.S.C. Sections 1343, 1331, and 1367.

**ANSWER:** Defendants do not contest this Court's jurisdiction.


2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:** Defendants do not contest venue in this matter.


**PARTIES**

3. At all times herein mentioned, Plaintiff DEVIN UPCHURCH ("Plaintiff") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

**ANSWER:** Defendants admit that Plaintiff was a resident of Calumet City, Illinois, but is without knowledge or information sufficient to form a belief as to the remaining allegations stated in this Paragraph.

4. At all times herein mentioned. Defendant Calumet City Police Officer K. KWIATKOWSKI Star No. 201 ("Kwiatowski") was employed by the Calumet City Police Department and was acting under color of state law and as the employee, agent, or representative of the Calumet City Police Department. This Defendant is being sued in his individual/personal capacity.

**ANSWER:** Defendants admit that Defendant Officer Kwiatowski was employed by the Calumet City Police Department as a police officer at all times mentioned herein. The remaining allegations contained in this paragraph are legal conclusions to which no answer is required. To the extent that those remaining allegations may require an answer, this defendants are without sufficient knowledge to form a belief as to the truth of these remaining allegations and therefore deny same.

5. At all times herein mentioned, Defendant Calumet City Sergeant P. RICHIE Star No.. 47 ("Richie") was employed by the Calumet City Police Department and was acting under color of state law and as the employee, agent, or representative of the Calumet City Police Department. This Defendant is being sued in his individual/personal capacity.

**ANSWER:** Defendants admit that Defendant Officer Richie was employed by the Calumet City Police Department as a police officer at all times mentioned herein. The remaining

allegations contained in this paragraph are legal conclusions to which no answer is required. To the extent that those remaining allegations may require an answer, this defendants are without sufficient knowledge to form a belief as to the truth of these remaining allegations and therefore deny same.

6. At all times herein mentioned, Defendant Calumet City Police Officer C. ERICKSON Star No. 199 ("Erickson") was employed by the Calumet City Police Department and was acting under color of state law and as the employee, agent, or representative of the Calumet City Police Department. This Defendant is being sued in his individual/personal capacity.

**ANSWER:** Defendants admit that Defendant Officer Erickson was employed by the Calumet City Police Department as a police officer at all times mentioned herein. The remaining allegations contained in this paragraph are legal conclusions to which no answer is required. To the extent that those remaining allegations may require an answer, this defendants are without sufficient knowledge to form a belief as to the truth of these remaining allegations and therefore deny same.

7. At all times herein mentioned, Defendant Calumet City Police Officer ZIEMINSKI Star No. 190 ("Zieminski") was employed by the Calumet City Police Department and was acting under color of state law and as the employee, agent, or representative of the Calumet City Police Department. This Defendant is being sued in his individual/personal capacity.

**ANSWER:** Defendants admit that Defendant Officer Zieminski was employed by the Calumet City Police Department as a police officer at all times mentioned herein. The remaining allegations contained in this paragraph are legal conclusions to which no answer is required. To the extent that those remaining allegations may require an answer, this defendants are

without sufficient knowledge to form a belief as to the truth of these remaining allegations and therefore deny same.

8. At all times herein mentioned, CALUMET CITY was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Calumet City maintained, managed, and/or operated the Calumet City Police Department.

**ANSWER:** Defendants admit that it was a home rule municipality and that it at all relevant times maintained, managed and operated the Calumet City Police Department.

## FACTUAL ALLEGATIONS

9. On or about April 20, 2006. at approximately 1:00 P.M., Plaintiff was at 539 Wentworth, Calumet City, IL 60409.

**ANSWER:** Defendants deny the allegations of this paragraph.

10. At that place and date, Defendants, arrived at Plaintiff's location.

**ANSWER:** Defendants deny the allegations of this paragraph.

11. Defendants then forced Plaintiff to the ground and proceeded to handcuff, detain, search, and strip search Plaintiff.

**ANSWER:** Defendants deny the allegations of this paragraph.

12. Plaintiff was subjected to the excessive use of force when he was tackled and choked by Defendants.

**ANSWER:** Defendants deny the allegations of this paragraph.

13. There was no probable or other legal cause to stop, detain, search, strip search or arrest Plaintiff.

**ANSWER:** Defendants deny the allegations of this paragraph.

14. Plaintiffs in no way consented to this treatment.

**ANSWER:** Defendants deny the allegations of this paragraph.

15. Defendants then caused Plaintiff to be charged and prosecuted for the crimes of the possession of and the intent to deliver a controlled substance. There was no legal cause to believe that Plaintiff should be charged with any crime.

**ANSWER:** Defendants deny the allegations of this paragraph.

16. The criminal charges against the Plaintiff were dismissed on or about April 10, 2008. The charges were terminated in Plaintiff's favor.

**ANSWER:** Defendants deny the allegations of this paragraph.

17. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to their damage in an amount to be ascertained.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

18. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

19. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff

requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

## COUNT I

### Plaintiff Against Individual Defendants for Excessive Force

20. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

**ANSWER:** Defendants incorporate their responses above as if fully restated here.

21. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

22. The violence inflicted upon Plaintiff was unnecessary and unreasonable and was therefore in violation of Plaintiffs Fourth Amendment Rights. Specifically, all of the force described above was without legal cause and constituted unnecessary and unreasonable excessive force. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

## COUNT II

### Plaintiff Against Individual Defendants for False Arrest

23. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

**ANSWER:** Defendants incorporate their responses above as if fully restated here.

24.     By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

25.     The detention and arrest of Plaintiff as alleged above was caused by Defendants and was done without probable cause and was unreasonable. Therefore, Defendants are liable for this detention and arrest under 42 U.S.C. § 1983.

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

## COUNT III

**Plaintiff Against Individual Defendants for Unreasonable Search and Strip Search**

26.     Plaintiff hereby incorporates and re-alleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

**ANSWER:**   Defendants incorporate their responses above as if fully restated here.

27.     By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to them by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

28.     Defendants unlawfully searched and strip searched Plaintiff without Plaintiff's consent, unreasonably, and without legal cause. Therefore, Defendants are liable for an unlawful search under 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

## COUNT IV

### Plaintiff Against all Defendants For The Supplemental Suit Claim of Malicious Prosecution

29. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through nineteen (19) hereat as though fully alleged at this place.

**ANSWER:** Defendants incorporate their responses above as if fully restated here.

30. Defendants caused charges of the possession of and of the intent to deliver a controlled substance to be commenced against Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

31. The Defendants, employed by Calumet City, maliciously commenced and caused to be continued a proceeding against Plaintiff without probable cause. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

32. The Defendants facilitated this malicious prosecution by the creation of a false criminal complaint, false evidence, and/or by giving false police reports.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

33. The criminal proceedings against Plaintiff were terminated in his favor.

**ANSWER:** Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

34. Calumet City is liable to Plaintiff for the acts of the individual defendants, pursuant

to the doctrine of *respondeat superior*.

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

35.   Therefore, all Defendants are liable under the state supplemental claim of malicious prosecution.

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

### GENERAL DENIAL

This defendant specifically denies any and all allegations contained in the Complaint that were not specifically answered above.

### AFFIRMATIVE DEFENSES

This defendant asserts the following affirmative defenses:

### First Affirmative Defense

The Plaintiff has failed to state a claim upon which relief can be granted against this defendant.

### Second Affirmative Defense

The Plaintiff's claims are barred by the doctrine of qualified immunity.

### Third Affirmative Defense

The Plaintiff's claims are barred against this defendant under the Illinois Local Governmental and Governmental Employees Tort Immunity Act.

### Fourth Affirmative Defense

Officer Kwiatkowski, Officer Richie, Officer Erickson, and Officer Zieminski exercised reasonable and appropriate force to restrain the Plaintiff.

### Fifth Affirmative Defense

Officer Kwiatkowski, Officer Richie, Officer Erickson, and Officer Zieminski had probable cause to arrest and detain the Plaintiff.

## JURY DEMAND

This defendant demands trial by jury.

WHEREFORE, Defendants P.O. KWIATKOWSKI, SGT. P. RICHIE, P.O. C. ERICKSON, AND P.O. ZIEMINSKI respectfully requests that the Court enter judgment in its favor and against the Plaintiff, and that it award it its litigation expenses, along with any other relief this Court deems appropriate.

Respectfully submitted,

P.O. KWIATKOWSKI, SGT. P. RICHIE, P.O. C. ERICKSON, AND P.O. ZIEMINSKI,

By: *S/ Kelly Maloney Kachmarik*
One of their attorneys

Kelly Maloney Kachmarik
**James J. Roche & Associates**
642 North Dearborn Street
Chicago, Illinois 60610
312-335-0044
ARDC No. 6275425